**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOHN D. RANSOM,**

                **Plaintiff,**

-vs-                                                        **Case No. 6:08-cv-2056-Orl-31KRS**

**COLONIAL COUNSELING
ASSOCIATES, FLORIDA DEPARTMENT
OF CORRECTIONS, ALCOHOLICS
ANONYMOUS,**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** **December 9, 2008**

**I. PROCEDURAL HISTORY.**

Plaintiff John D. Ransom filed a Complaint against Defendants Colonial Counseling Associates, the Florida Department of Correction and Alcoholics Anonymous. He also filed a motion to proceed *in forma pauperis*. Doc. No. 2.

In the Complaint, Ransom alleges that he asked his parole officer "for some mental help (psychiatrist or psychologist), but was sent to Colonial Counseling Associates." Doc. No. 1 at 2. Ransom further alleges that Colonial Counseling Associates "forced [him] to attend [meetings of]

Alcoholic[s] Anonymous, which is a spiritual (god) base[d] organization." Doc. No. 1 at 2. Ransom alleges that in order to be discharged, he must "believe[s] in a god, or a spirit-higher power." *Id.* at 3. Ransom states, "I totally don't believe in a god." *Id.* at 2.

## II.    STANDARD OF REVIEW.

Under 28 U.S.C. § 1915(e), the Court is required to consider whether Ransom's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997)(Lay, J., concurring)("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

## III.   ANALYSIS.

There are a number of deficiencies in Ransom's Complaint. First, he fails set forth the specific provisions of the Constitution, laws, or treaties of the United States that he alleges have been violated. He also does not set forth the relief he seeks. Accordingly, it is appropriate to require Ransom to file

an amended complaint before considering reaching the merits of his motion to proceed *in forma pauperis*.

Assuming that Ransom intends to allege a violation of his civil rights under 42 U.S.C. § 1983, in his amended complaint Ransom must state the specific Constitutional right, federal law or treaty that each defendant allegedly violated. He must allege facts showing how each defendant deprived him of that federal right while "acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). A challenged activity may be state action when it results from the state's exercise of "coercive power," *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), when the state provides "significant encouragement, either overt or covert," *id.*, or when a private actor operates as a "willful participant in joint activity with the State or its agents," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (internal quotation marks omitted). Ransom must also set forth the relief he seeks.

In the amended complaint, Ransom must name as defendants only those persons or entities who are responsible for the alleged violations. Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged violations in the body of the complaint. Ransom should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the

deprivation of a plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Ransom must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

## IV. RECOMMENDATION.

I respectfully recommend that the Court do the following:

1. **DISMISS** Ransom's Complaint without prejudice and permit him to file an amended complaint as described above within **TWENTY (20) DAYS** from the date of the Court's ruling on this Report and Recommendation.

2. **DENY** the motion to proceed *in forma pauperis*, doc. no. 2, without prejudice to refiling it in support of the amended complaint.

3. **ADMONISH** Plaintiff that failure to file an amended complaint within the time permitted by the Court may result in dismissal of the case without further notice. *See* Fed. R. Civ. P. 16(f).

Failure to file written objections to the proposed findings and recommendations contained in his report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Unrepresented Party